MANSFIELD, Judge,
concurring on applicant’s motion for rehearing.
I join the opinion of the Presiding Judge and write separately solely to address the issue of whether the warnings given to applicant by Dr. Griffith meet the requirements set forth by the Supreme Court in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).
Estelle v. Smith holds that, where an individual is in custody, it is a violation of the individual’s Fifth Amendment right against self-incrimination for him to be subjected to a court-ordered pretrial psychiatric examination unless the examining psychiatrist first warns the individual that he has the right to remain silent and that anything he says may be used against him at trial. Simply put, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) applies to a court-ordered psychiatric examination of an individual who is in custody at the time of the examination. Furthermore, Estelle v. Smith holds that counsel for the individual to be examined by the psychiatrist must, under the Sixth Amendment, be informed in advance of the date of the examination.
As stated in my concurring opinion on original submission, it is my opinion there is nothing in Estelle v. Smith that requires the use of specific words in warnings that must be given to an individual facing a court-ordered psychiatric examination regarding, among-other things, future dangerousness. Estelle v. Smith holds he must be told he has the right to remain silent, the right to consult counsel and the right to terminate the examination at any time. Furthermore, he must be told anything he says may be used for or against him at his trial and that the examination will cover, among other things, the issue of future dangerousness. As Estelle v. Smith is, essentially, an extension of Miranda v. Arizona, substantial compliance— not specific or “magic” words — is all that is required for warnings given pursuant thereto. See California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981).
In the present case, it is clear applicant was told by Dr. Griffith that anything he said could be used against him at his trial. It is obvious that the punishment phase is an integral part of trial, especially of a capital murder trial. Therefore, the warnings given applicant substantially comply with Estelle v. Smith’s mandate that applicant be warned that anything he says during the psychiatric examination could be used against him at some point during his trial.[1],[2]
*201 It is my opinion — regardless of whether this application is applicant’s second or third application — applicant is not entitled to relief because he fails in his claim that the warnings provided him by Dr. Griffith did not comply with Estelle v. Smith. Accordingly, I would deny his motion for rehearing and his claim for habeas corpus relief.
With these comments I join the opinion of the Presiding Judge.
McCORMICK, P.J., joins.

. Specifically, applicant was told by Dr. Griffith the examination would cover three areas, competency, sanity and dangerousness, and “dangerousness” meant whether or not he represented a future threat to society. He was also told that anything he might say could be used against him or could be used for him at some later date in the courtroom.

. In a sense, the warnings provided applicant provided him extra protection by putting him on *201 notice that anything he said could be used against him at any stage of his trial, not just the punishment phase.